Dear Mayor Pourciau:
This office is in receipt of your request for an opinion of the Attorney General in regard to the operation of the office of the Municipal Clerk. You ask the following questions:
 1) Does the council have the authority to make the office of Municipal Clerk a full time position and require that the clerk work a minimum of 40 hours per week during normal business hours? If so, would the ordinance affect the current Clerk who was appointed for a specified term as a part time position?
 2) Would a provision of the ordinance which would require that all books and records be kept at the Town Hall be in contravention of LSA-R.S. 33:421 which states that the Clerk shall keep the records at his office?
 3) Would a provision of the ordinance which would require that the duties of the clerk be performed at the town hall be in conflict with the mayors duties to supervise and direct the administration and operation of the municipality?
The duties of the clerk are set forth in R.S. 33:421 and R.S.33:422 but does not designate required office hours. While the mayor has the power to supervise and direct the operation of all municipal departments, offices and agencies in accordance with R.S. 33: 404, that statute further provides that this be "in conformity with ordinances adopted by the board of aldermen" although an ordinance may not limit his authority to supervise and direct the departments.
Accordingly, we find the Board of Aldermen may provide by ordinance that the position of clerk be full-time. However, we do not find that this can affect the present clerk unless removed by the mayor with approval of the Board inasmuch as R.S. 33:404(A) provides that the mayor's power of "appointment and removal of, * * *, the municipal clerk, * * * shall be subject to the approval by the board of aldermen". Therefore, the present clerk cannot be removed by adoption of a change in the ordinance until his term expires or is removed by the mayor with approval of the board.
In response to your second question in regard to the validity of an ordinance requiring the clerk keep his books at Town Hall, we find this would be in conflict with the state law as set forth in R.S. 33:421 as recognized by this office in various prior opinions. In the Attorney General Opinion of 1946-48, page 482 this office found a part-time clerk could keep village books and records in the office where he was employed on a full-time basis, and this was cited in Atty. Gen. Op. No. 78-16. Again in Atty. Gen. Op. 82-599 this office came to a similar conclusion in response to the question if the "part-time municipal clerk has to store municipal records at city hall even though the clerk's office is not located at city hall." Citing R.S. 33:421 this office concluded as follows:
 The statute quoted above provides that the municipal clerk shall file and preserve all municipal business records and papers in his office.
 In accordance with this statute, it is the opinion of this office that the clerk for the Village of Athens shall file and preserve all municipal records and papers in the clerk's office, wherever the office may be located.
Despite our conclusion that the ordinance would not be valid to require the clerk to keep his records at the Town Hall when his office is elsewhere, we do not find it would be improper to enact an ordinance that would establish the location of his office as clerk be at the Town Hall. If this were enacted then it would follow all books and records of the municipality prepared by the clerk would have to be located at his office at the Town Hall.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR
Date Received: Sept. 29, 1998
Date Released:
BARBARA B. RUTLEDGEAssistant Attorney General